IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HERBERT HAMER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 4:19-cv-115-O |
| | § | |
| CENTRAL OFFICE | § | |
| ADMINISTRATIVE REMEDY, et al., | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER OF DISMISSAL**
**UNDER 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)**

This case is before the Court for review of pro-se inmate/Plaintiff Herbert Hamer's ("Hamer") claims to determine if they are frivolous, malicious, or fail to state a claim upon which relief may be granted under the screening provisions of 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Having reviewed and screened the claims in the second amended complaint, the Court concludes that Hamer's claims in this case must be dismissed under authority of these provisions.

**I.     BACKGROUND**

Hamer filed an original complaint in the United States District Court for the Middle District of Florida as case number 5:18-cv-138-OC. Complaint ECF No. 1. After that Court twice ordered Hamer to file amended pleadings, he completed and filed a second amended complaint asserting claims arising at FMC-Fort Worth in Fort Worth, Texas. Orders, ECF No. 10, 12; Sec. Am. Complaint 1-13, ECF No. 14. As such, the Florida district court then transferred the case to this the Fort Worth division of the United States District Court for the Northern District of Texas.

1

Order, ECF No. 15. Hamer's live pleading subject to screening is the second amended complaint, as he was informed that an "amended complaint supersedes the filing of the initial complaint and becomes the operative pleading." Ord. Directing Sec. Am. Complaint 4, ECF No. 12 (*citing Krinks v. SunTrust Banks, Inc*., 654 F.3d 1194, 1201 (11th Cir. 2011)).

Hamer names as defendants the Central Office Administrative Remedy, and he also names corrections officers Gilbreth and Harris and Bureau of Prisons ("BOP") Regional Counsel Jason A. Sickler, in both their individual and official capacities. Sec. Am. Complaint 2-3, ECF No. 14. Other than listing Central Office Administrative Remedy and Jason Sickler by name, Hamer asserts nothing else against either of these defendants. As to Officer Gilbreth, Hamer alleges that Gilbreth escorted him to a Lieutenant's office with an incident report that resulted in Hamer being placed in 15 days of Special Housing Unit ("SHU") detention, which caused him to be under stress for risk of a stroke. *Id.* at 4. Concerning Officer Harris, Hamer contends that on a separate occasion, Harris issued a false incident report of Hamer making a "threat of harm against Officer Harris." *Id.* at 4, 12. Hamer alleges that as a result of the incident report written by Harris, he was placed in the SHU for 27 days with loss of prison privileges and a reduction in his classification. *Id.* at 12. Hamer seeks a transfer to a different facility, compensatory monetary damages, and punitive damages. *Id*. at 13.

## II. LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

At the time of filing suit, Hamer was an inmate who was permitted to proceed in forma pauperis.[1] As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. §

---

[1] Review of the BOP website indicates that Hamer was released from confinement on June 1, 2020. *See* www.bop.gov (Inmate number 27818-138) last visited February 3, 2021. Hamer also informed the Court of his release. Notice of Change of Address 1, ECF No. 22.

1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a) (West 2019). Because Hamer is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915A and § 1915(e)(2) provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915A(b) and 1915(e)(2)(B) (West 2019).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.*

### III. ANALYSIS

#### A. No Claims Against Bureau of Prisons (Central Office Administrative Remedy) and Individual Defendants in an Official Capacity

The Supreme Court, in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics* (*"Bivens"*), recognized an individual's right to seek recovery for violation of constitutional rights by a person acting under color of federal law. 403 U.S. 388, 297 (1971). The *Bivens* decision is the counterpart to 42 U.S.C. § 1983, and extends the protections afforded under

3

§ 1983 to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983--the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds*, *Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n. 36 (5th Cir. 2003). Thus, as Hamer was incarcerated in federal prison, the Court construes his claims as seeking relief under *Bivens*.

A *Bivens* claim, however, is not authorized against a federal agency. *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S.471, 484-86 (1994). Thus, Hamer may not assert relief for alleged violations of his constitutional rights against a federal agency such as the Bureau of Prisons, and his claim against a sub-part of that agency, the Central Office Administrative Remedy, must be dismissed.

Furthermore, although Hamer may bring a *Bivens* action against individual officers for alleged violations of his rights, he "may not bring an action against the United States, the BOP, or BOP officers in their official capacities as such claims are barred by the doctrine of sovereign immunity." *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (per curiam) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); and *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (claims against employees in official capacities are considered a suit against the government entity)). Accordingly, Hamer may not assert relief for alleged violations of his constitutional rights against the individual defendants (Jason Sickler, Officer Gilbreth, and Officer Harris) in their official capacities, and such claims must be dismissed.

    **B.**    **No Personal Involvement (Jason Sickler)**

In order to state a *Bivens* claim, the claimant must allege personal involvement of a defendant. *Guerrero-Aguilar v. Ruano*, 118 F. App'x 832, 833 (5th Cir.2004). Federal officials cannot be held vicariously liable for the acts of subordinates under the doctrine of respondeat

superior. *Cronn v. Buffington*, 150 F.3d 538, 544 (1998) (citing *Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 (5th Cir. 1993)). Without personal involvement or participation in an alleged constitutional violation, the individual should be dismissed as a defendant. *Cronn*, 150 F.3d at 544 (citing *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)).

Here, although Hamer has named BOP Regional Counsel Jason Sickler as an individual defendant, he has recited no facts to relate any personal actions of Sickler to the allegations made the basis of his pleading. Sec. Am. Complaint 3, ECF No. 14. In directing Hamer to file a second amended complaint, the Court warned Hamer that he was required to state how "each named defendant is involved in the alleged constitutional violation(s) in the body of the complaint." Ord. Directing Sec. Am. Complaint 3, ECF No. 12. Other than listing Sickler's name, however, Hamer has provided no additional facts or allegations against him. Hamer's claim against Sickler, therefore, must be dismissed.

      **C.**     **Claim Seeking Transfer to Another Prison**

Hamer seeks declaratory or injunctive type relief in the form of an order to transfer him to another BOP facility. Sec. Am. Complaint 13, ECF No. 14. It is well settled that a prisoner does not have a constitutional right to serve a sentence in any particular prison, or to be transferred or not transferred from one facility to another. *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996). The Bureau of Prisons has "sole discretion" to determine where a federal inmate will be housed. *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995). Because the transfer of a federal inmate to another correctional institution does not implicate a constitutional interest, Hamer is not entitled to the requested relief. *See generally Davis v. Carlson*, 837 F.2d 1318, 1319 (5th Cir. 1988) (determining that a federal inmate has no right to be transferred to a facility closer to family).

Moreover, as noted above, since filing the second amended complaint, Hamer has been

released from confinement. Notice of Change of Address 1, ECF No. 22. An inmate's transfer or release from prison moots the inmate's claim for injunctive or declaratory relief, and any claim based on a possible future confinement in the offending institution is "too speculative to warrant relief." *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding that an inmate's transfer from an offending institution normally "render[s] . . . his claim for declaratory and injunctive relief moot") (citing *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991)).

Thus, Hamer's claim that he should be transferred to another facility must be dismissed.

### D. No Due Process of Law Violation for Time in Administrative Segregation (SHU) and Reduction in Classification

Hamer's primary claims in the second amended complaint are that both Gilbreth and Harris issued incident reports that caused him to be subject to administrative segregation in the SHU. Hamer recites that he was subject to 15 days confinement in the SHU as a result of an incident report filed by Gilbreth, and to 27 days confinement in the SHU and a reduction-in-classification status as the result of an incident report filed by Harris. Sec. Am. Complaint 4, 12, ECF No. 14. Although Hamer writes in his second amended complaint that he was subjected to "cruel and unusual punishment," the Court construes Hamer's claims against Gilbreth and Harris as claims of a denial of due process[2] under the Fifth Amendment.[3]

The mere failure of prison authorities to follow the prison's own policies, procedures, or

---

[2] *See Crane v. Cockrell,* No. 3:02-cv-1522-P, 2002 WL 31086066, at * 1 (N.D. Tex. Sep. 12, 2002) (construing § 2254 petition challenging disciplinary punishments including 45 days of cell restriction and reduction-in-classification status as violating due process as well as cruel and unusual punishment).

[3] As Hamer is a federal prisoner, his due process claims are considered only under the Fifth Amendment. *See Doe v. Robertson*, 751 F.3d 383, 387 (5th Cir. 2014) (noting that the Fifth Amendment applies to prisoner claims against federal officials while the Fourteenth Amendment applies to prisoner claims against state officials). *See Crane v. Cockrell,* No. 3:02-cv-1522-P, 2002 WL 31086066, at * 1 (N.D. Tex. Sep. 12, 2002) (construing § 2254 petition challenging disciplinary punishments including 45 days of cell restriction and reduction-in-classification status as violating due process as well as cruel and unusual punishment).

Regulations, does not, without more, give rise to a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). The Fifth Amendment to the Constitution provides that "No person shall . . . be deprived of life, liberty, or property, without due process of law. . . ." U.S. CONST. amend. V. A prisoner's liberty interest, however, is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995) (citations omitted). In *Sandin v. Connor*, the Court held that a prisoner's "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id*. In light of *Sandin*, the Court of Appeals for the Fifth Circuit held that, "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam); *see also Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1995) (affirming district court's dismissal as frivolous a prisoner's claim that administrative segregation resulting from his classification as a gang member violated a cognizable liberty interest); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (noting that "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional 'liberty' status") (internal citations and footnote omitted).

Furthermore, the United States Court of Appeals for the Fifth Circuit has also recognized that "there is no liberty interest in a prisoner custodial classification . . ." *Jennings v. Bureau of Prisons*, 354 F. App'x 60, 61 (5th Cir. 2009) (citing *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992))*; see also Sanchez v. Allen*, 611 F. App'x 792, 794 (5th Cir. 2015) ("This claim of 'punishment' without notice and a hearing fails, however, as Sanchez's change in classification status, the denial of commissary and visitation privileges, and cell restrictions do not implicate a

7

liberty interest protected by the Due Process Clause.") (citations omitted).

Thus, under these holdings applying *Sandin v. Conner* to the same or similar punishments, and precedent finding no liberty interest in a particular custodial classification, the Court finds that Hamer has not stated a constitutional due process violation as to Gilbreth's and Harris's alleged actions resulting in the administrative punishments. Such claims must be dismissed.

### E.     42 U.S.C. § 1997e(e) Limitation on Monetary Damages if no Physical Injury

Hamer's claims against the individual defendants seek compensatory monetary damages for violations of constitutional rights. As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e) (West Supp. 2020). As noted, Hamer arguably alleges violations of his rights under the Fifth and Eighth Amendments to the Constitution.

This physical injury requirement has long been recognized as applying to claims under the Eighth Amendment. *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower*, 112 F. 3d 191, 193-94 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit subsequently held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim arising from a strip search, emphasizing that, in *Geiger*, the court noted that "1997e(e) applies to *all federal civil actions*," and noting that

8

"[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury preclude[s] his recovery of any compensatory damages for emotional or mental injuries suffered." *Hutchins v. McDaniels,* 512 F.3d 193, 196 (5th Cir. 2007) (emphasis in original).

Other courts have held that an inmate's claims for compensatory damages for violations of the Fourteenth Amendment and the Fifth Amendment, without showing physical injury, are barred by § 1997e(e). *See Stauffer v. Gearhart*, 741 F.3d 574, 583 (5th Cir. 2014) (Fourteenth Amendment); *Allen v. Holden*, No. 10-0753-JJB-DLD, 2012 WL 3902401, at *5 (M.D. La. Aug. 15, 2012), *rep. and rec. adopted*, 2012 WL 3901954 (Sep. 7, 2012) (Fourteenth Amendment); *Rogers v. Newman*, No. 5:04-cv-193 DCB-JCS, 2006 WL 1520298, at * 1 (S.D. Miss. Apr. 7, 2006) (Fourteenth Amendment); *see also Schaller v. United States*, No. 3:10-cv-444-WS-EMT, 2011 WL 7052267, at *4 (N.D. Fla. Dec. 29, 2011), *rep. and rec. adopted*, 2012 WL 136007 (Jan. 17, 2012) (Fifth Amendment).

Courts in this circuit have recognized that § 1997e(e) bars a Plaintiff from seeking monetary damages to compensate for emotional or mental injury, absent a showing of physical injury in other contexts. *See generally Logan v. Honeycutt,* No. 12-156-JJB-SCR, 2012 WL 3903501, at *3 (M.D. La. July 24, 2012) (holding that Plaintiff's failure to allege that he sustained a physical injury as a result of alleged retaliation prohibits him from recovering compensatory damages pursuant to 42 U.S.C. § 1997e(e)), *rep. and rec. adopted*, 2012 WL 3903452 (Sept. 7, 2012); *Hodge v. Stadler*, No. 04-0965, 2006 WL 1560754, at *3 (E.D. La. May 24, 2006) ("Arguably, it may seem counterintuitive that a prisoner's damage claim for a purely nonphysical form of retaliation would be barred unless he can show a physical injury suffered in connection with the claim. Nevertheless, this Court finds that is in fact the result mandated by the decision of the United States Fifth Circuit Court of Appeals in *Geiger v. Jowers*, 404 F.3d 371 (2005)").

Nowhere in his second amended complaint does Hamer write of sustaining any "physical

9

injury," yet he seeks "actual" monetary damages for the "actions and assignments caused by the supposed threat of bodily harm . . ." Sec. Am. Complaint 13, ECF No. 14. Applying the above-referenced holdings to the instant case, no matter the substantive constitutional violations asserted by Hamer on any remaining claims against the individual defendants, the failure to allege physical injury bars his claims for recovery of compensatory monetary damages. Thus, Hamer's claims for compensatory monetary damages are barred under 42 U.S.C. § 1997e(e).

### F. No Basis for Punitive Damages

The physical injury provision § 1997e(e) does not preclude claims for nominal or punitive damages. *Hutchins*, 512 F.3d at 198. Hamer recites a claim for "punitive" monetary damages in the amount of $108,000,000.00. Sec. Am. Complaint 13, ECF No. 14. Because the Court has otherwise found that Hamer has failed to state plausible claims against any defendant in this suit, his claims for punitive monetary damages must also be dismissed for failing to state a claim upon which relief may be granted. *See Oby v. Sander*, 778 F. App'x 326, 327 (5th Cir. 2019) (noting that even if district court's conclusion that defendant officer used excessive force "equates to a threshold finding of evil intent or callous indifference . . . the court did not abuse its discretion by ultimately concluding that punitive damages were unwarranted in this case."); *see generally Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017) ("Punitive damages may be awarded in § 1983 cases 'when the defendant's conduct is shown to be motivated by evil malice or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'") (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).

### IV.    CONCLUSION and ORDER

It is therefore **ORDERED** that all of Plaintiff's claims in this suit are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **4th day** of **February, 2021.**

_Reed O'Connor_
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**